NOT FOR PUBLIC VIEW

PAS

AO 93 (Rev. 11/13) Search and Seizure Warrant

FILED
OCT 25 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>a black Apple iPhone<br>Seizure Log No. 0615-19 | ) ) ) ) ) ) | Case No. **19MJ4148** |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Southern    District of    California   
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before    Oct 8, 2019    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    HON. F. A. GOSSETT   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    9/25/2019   9:02 AM    _____
                                                                                                                           *Judge's signature*

City and state:    San Diego, CA                                    HON. F. A. GOSSETT, U.S. Magistrate Judge
                                                                                                *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 19mj4148 | Date and time warrant executed: 02Oct19 | Copy of warrant and inventory left with: Carey Lackey, Defense Attorney |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: Cell phone extraction of all data from January 1, 2018 to September 23, 2019 of Michael Garcia's phone | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/23/19

_____
*Executing Officer's Signature*

Cynthia Carter, Special Agent
*Printed name and title*

## **ATTACHMENT A**

### PROPERTY TO BE SEARCHED

The property to be searched in connection with violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121, is described below:

(1) a black Apple iPhone
Seizure Log No. 0615-19



**Target Device** is currently in the possession of Naval Criminal Investigative Service (NCIS) located at Naval Base San Diego, 3405 Wells Street, Bldg. 57, Suite 1, San Diego, California 92136.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below. The seizure and search of the cellular telephone shall follow the search methodology described in the attached affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 1, 2018 to September 23, 2019.

a. tending to indicate efforts to communicate with their coconspirators made about or in executing the sale or theft of government property;

b. tending to identify communications made in the weeks or months prior to the sale or theft of government property;

c. tending to identify celebratory remarks after successfully selling or stealing government property;

d. tending to identify communications made about covering up or hiding their crimes and escaping or hiding from law enforcement; and/or,

e. tending to identify photographs depicting the stolen or sale of government property; and

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**which are evidence of violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121.**

AO 106 (Rev. 04/10) Application for a Search Warrant



FILED

SEP 2 5 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. **19MJ4148**
a black Apple iPhone )
Seizure Log No. 0615-19 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 641 | Stolen government property |
| 18 U.S.C. § 2315 | Sale of stolen goods |
| UCMJ Article 121 | Theft of government property |

The application is based on these facts:

See attached Affidavit of Special Agent Cynthia G. Carter, Naval Criminal Investigative Service

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Cynthia G. Carter, NCIS Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **9/25/2019**

_____
*Judge's signature*

City and state: San Diego, CA       HON. F. A. GOSSETT, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Cynthia G. Carter, Special Agent, being duly sworn do hereby state that the following is true to my knowledge and belief:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant, in furtherance of Stolen Government Property investigation involving the subject known as Isaac LAFOE ("LAFOE") conducted by the Naval Criminal Investigative Service (NCIS), for the following electronic device seized from Michael Garcia on February 7, 2019:

> (1) a black Apple iPhone
> Seizure Log No. 0615-19
> (hereinafter **Target Device**);

2. The **Target Device** was seized from Garcia on February 7, 2019, by the Phoenix Police Department at the time of his arrest. It is believed that the **Target Device** was used by Garcia to communicate with LAFOE to coordinate the purchase stolen government equipment from LAFOE. Probable cause exists to believe that the **Target Device** contains evidence relating to violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121. The **Target Device** is currently in the possession of Naval Criminal Investigative Service (NCIS) located at Naval Base San Diego, 3405 Wells Street, Bldg. 57, Suite 1, San Diego, California 92136.

3. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I submit this Affidavit in support of the application to search the **Target Device** for and to seize the items set forth in Attachment B (incorporated herein) which I believe will be found in the items to be searched as described in Attachment A (incorporated herein).

1

4. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

5. The information contained in this affidavit is based upon my experience and training, and consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews and my review of documents and evidence related to this case. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

**EXPERIENCE AND TRAINING**

6. I am a Special Agent with the Naval Criminal Investigative Service (NCIS), and have been since February 2018. My current assignment is in general crimes investigations which includes investigating crimes such as sexual assaults and theft of government property. My relevant training and experience includes the Criminal Investigator Training Program and the NCIS Special Agent Basic Training Program both held at the Federal Law Enforcement Training Center, Glynco, GA. Prior to my employment by NCIS, I received my Masters of Science in Justice Studies with a concentration in Homeland Security and my Bachelors of Science in Criminal Justice with a minor in Computer Science. I was also enlisted in the United States Army as a Satellite Controller and stationed at one of seven Wideband Satellite Operation Centers in the United States Army. My duties as a Satellite Controller consisted of being in control of and sending commands to up to four Department of Defense Communications Satellites. Each Department of Defense Satellite is worth approximately $2 billion in its lifespan. While in the Army, I also volunteered with the Honolulu Police Department (HPD). My duties consisted of entering pawn shop sales and buys into HPD's database. My duties as an NCIS Special Agent include, but are not limited to, investigating crimes committed on or aboard

2

US Navy and Marine Corps installations, aircraft, or vessels; investigating crimes committed by or against US Navy or Marine Corps service members or civilian employees; and investigating crimes involving Department of Navy equities.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

8. Michael Garcia has been selling military equipment for approximately two years. Garcia has sold military equipment on commission and by purchasing the items and turning around and selling it. Garcia utilized the Instagram page "Mr.Raidmod" as his platform to sell military equipment. Garcia's Instagram page came under question for selling stolen government equipment in early 2019.

9. Phoenix Police Department (PPD) was notified of Garcia's activities and conducted their own investigation. PPD obtained search warrants to track Garcia via Global Positioning System (GPS) and subsequently tracked Garcia from February 6, 2019 to February 7, 2019. PPD arrested Garcia and conducted a search warrant of his apartment on February 7, 2019. PPD seized suspected stolen government equipment from Garcia's apartment including, ballistic plates, ballistic helmets, and ear protection with communication wire, and the **Target Device**.

10. PPD interviewed Garcia on February 7, 2019. Garcia was advised of his *Miranda* rights and elected to make a statement. Garcia stated he bought suspected stolen government equipment from LAFOE in January 2019. Garcia stated he bought uniforms, one ballistic helmet, ear protection, pressure gages, swimmer ballistic plates, and ballistic plates from LAFOE. Garcia reported the swimmer ballistic plates had their serial numbers scratched off and he (GARCIA) knew they were stolen once he (GARCIA) received the government equipment from LAFOE. Garcia stated he communicated with LAFOE through

3

Instagram and text messaging (using the **Target Device**) and he (GARCIA) further stated that he (GARCIA) paid LAFOE $3,000 for the government equipment through PayPal. Garcia is currently being prosecuted in the State of Arizona, criminal case no. 2019-123673.

11. LAFOE was interviewed by NCIS on February 11, 2019. LAFOE was advised of his *Miranda* rights and elected to make a statement. LAFOE acknowledged he sold government equipment to Garcia. LAFOE stated he communicated with Garcia through text messaging. LAFOE alleged he bought the stolen government equipment from Ethan Johnson. In a separate *Mirandized* interview, Ethan JOHNSON denied the allegation and stated LAFOE is the one stealing government equipment. LAFOE stated he sold the stolen government equipment to Garcia for $1,100 and received payment by Venmo.

12. LAFOE gave NCIS permission to search his apartment he shares with his girlfriend, Hayley Digianni, located at 4052 Oregon Street Unit 2, San Diego, California, and his vehicle, a Toyota 4 Runner. LAFOE called Digianni, who is on the apartment lease, prior to the execution of the search of the apartment for permission. Digianni telephonically gave permission for NCIS to search the apartment.

13. A search was conducted at LAFOE's apartment on February 11, 2019. LAFOE pointed out a military plate carrier located in the closet of the master bedroom as not being his. NCIS seized the plate carrier from LAFOE's apartment.

14. Further investigation produced positive identification the plate carrier and duty belt belongs to Navy Special Operations Chief Aaron Magenot. In mid-February, Magenot was interviewed and stated that he labels his gear with a red "X" inside a box or by writing "MAGE" on his gear. Magenot confirmed during the interview that some of his gear was missing. The seized plate carrier and duty belt had either one or both of the identifying markers mentioned by Magenot.

15. LAFOE gave NCIS permission to search his Apple IPhone cellular phone. A Cellebrite extraction was taken of LAFOE's Apple iPhone bearing phone number (619) 361-6965.

16. A review of LAFOE's Cellebrite extraction for stolen government equipment was conducted. There were multiple pictures of previously identified missing government equipment on the Cellebrite extraction. The extraction contained a photograph of Magenot's "bone frog" ballistic helmet. There is a photograph showing various firearm magazines with Magenot's identifying marker, an "X" inside a red box. A photograph of military pants, a combat shirt, a "bone frog" helmet, and a plate carrier appear to have been taken inside of LAFOE's apartment. There was a screenshot of an Instagram story (where the picture disappears after 24 hours) of Garcia's address, 2311 E. Union Hills Dr. Apt. 170, Phoenix, AZ 85024. A screenshot of a shipping address of 4052 Oregon St. Apt. 2, San Diego, CA 92104 was taken. The Cellebrite extraction revealed that the photographs were uploaded to LAFOE's Apple iCloud associated with his Apple iPhone.

17. Based on the investigation and LAFOE's and Garcia's interview, I believe that the **Target Device** was used by Garcia to communicate with LAFOE, and possibly others, to sell stolen government equipment.

18. Throughout this investigation, I have learned that the theft of government equipment started in the beginning of 2018.

## METHODOLOGY

19. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and

rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20. Following the issuance of this warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the telephones and memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

22. Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that Garcia used the **Target Device** to communicate and coordinate the purchase of stolen government equipment from LAFOE. Further, the **Target**

6

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The property to be searched in connection with violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121, is described below:

(1) a black Apple iPhone
Seizure Log No. 0615-19



**Target Device** is currently in the possession of Naval Criminal Investigative Service (NCIS) located at Naval Base San Diego, 3405 Wells Street, Bldg. 57, Suite 1, San Diego, California 92136.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below. The seizure and search of the cellular telephone shall follow the search methodology described in the attached affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 1, 2018 to September 23, 2019.

a. tending to indicate efforts to communicate with their coconspirators made about or in executing the sale or theft of government property;

b. tending to identify communications made in the weeks or months prior to the sale or theft of government property;

c. tending to identify celebratory remarks after successfully selling or stealing government property;

d. tending to identify communications made about covering up or hiding their crimes and escaping or hiding from law enforcement; and/or,

e. tending to identify photographs depicting the stolen or sale of government property; and

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**which are evidence of violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121.**

**Device** was likely used to facilitate the offense by transmitting and storing data, which is evidence of violations of Title 18, United States Code, Sections 641 and 2315, and Uniform Code of Military Justice (UCMJ) Article 121.

23. Because the **Target Device** was seized during the investigation of Garcia's activities and has been securely stored, there is probable cause to believe that evidence of illegal activities committed by Garcia and LAFOE continues to exist on the **Target Device**. As stated above, I believe that the appropriate date range for this search is from January 1, 2018 up to and including September 23, 2019.

24. Therefore, I respectfully request that the Court issue a warrant authorizing me, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Cynthia G. Carter, Special Agent
Naval Criminal Investigative Service

Sworn to before me and subscribed in my presence
before me this ____25____ day of September 2019

_____
HON. F. A. GOSSETT
United States Magistrate Judge

7

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 19mj4148 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: Cell phone extraction of all data from January 1, 2018 to September 23, 2019 of Michael Garcia's phone | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

Cynthia Carter, Special Agent
Printed name and title